**Sidney Donald JENKINS, III, Petitioner—Appellant,**

v.

**Robert MOORE, Respondent—Appellee.**

No. 04–35257.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 27, 2005.

See also 46 Fed.Appx. 570.

Sidney Donald Jenkins, III, Monroe, WA, Pro se.

Paul Douglas Weisser, Esq., AGWA—Office of the Washington Attorney General, Olympia, WA, for Respondent—Appellee.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM **

Washington state prisoner Sidney Donald Jenkins, III, appeals pro se the district court's order denying his 28 U.S.C. § 2254 habeas petition, challenging his 1999 conviction for first degree felony murder. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Appellant contends that his double jeopardy rights were violated when the trial

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

court *sua sponte* ordered a mistrial after a melee erupted in the courtroom, and appellant was retried and convicted. Upon declaration of a mistrial, jeopardy will not attach and retrial will be permitted only if the defendant consented to the mistrial or if there was a manifest necessity to declare a mistrial. *See United States v. Bates,* 917 F.2d 388, 392 (9th Cir.1991) (citing *Arizona v. Washington,* 434 U.S. 497, 505, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978)). Upon review of the record, we conclude that the physical attacks on the appellant in the presence of the jury by the victim's brother and sister, the victim's mother's improper contact with the jurors in the courtroom, and the shackling of appellant in front of the jurors, collectively amounted to error that would clearly require reversal if the trial had continued. *See id.* Accordingly, we cannot say that the state court erred in finding a manifest necessity to declare a mistrial. *See id.* at 395 (stating manifest necessity is apparent where error certain to result in reversal occurs, and jeopardy will not attach to the trial).

To the extent that appellant raises uncertified issues in his appeal, we construe them as a motion to broaden the certificate of appealability, and deny the motion. *See* 9th Cir. R. 22–1(e).

AFFIRMED.